UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25340-JLK

SAMANTHA MCDERMOTT

    Plaintiff,

v.

ATLANTIC UNION, INC., and
JENNIFER CABRERA,

    Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND *IN CAMERA* REVIEW WITH
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, SAMANTHA MCDERMOTT ("Plaintiff") and Defendants ATLANTIC UNION, INC. and JENNIFER CABRERA (collectively, "Defendants") request that this Court make a fairness finding approving the terms of the Parties' settlement agreement of the above-captioned matter and dismissing this case with prejudice. Accordingly, the Settlement Agreement between the Parties is being submitted to the Court for review *in camera*.

**I.     LEGAL PRINCIPLES.**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 U.S.C. § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer

if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release each of the Plaintiff's claims against the Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed overtime wages and damages available as a result of the Defendants' good faith actions. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties discussed the Plaintiff's alleged overtime hours and pay rate, the applicability of defenses in light of Defendants' good faith pre-suit actions, calculation of damages and the applicable statute of limitations, and formulated their own proposed settlement figures. The Parties then voluntarily agreed to the terms of their settlement.

## II.     TERMS OF SETTLEMENT.

This case involved, in part, a claim for unpaid overtime hours. The Plaintiff worked for Defendants who, during certain times material to this matter, employed the Plaintiff. Given the Parties' respective positions on several issues in this case, the Parties agree that they would incur great expense litigating these issues. Given the amount claimed, the Parties agreed that the settlement amount was a fair compromise. As a result, the settlement agreed upon in this matter is a full and final settlement of all claims, inclusive of attorneys' fees and costs, and is fair and equitable under the teachings of *Lynn's Food Stores*.

The attorney's fees and costs for the Plaintiff have been negotiated and will be paid separately from Plaintiff's total recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that counsel accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf with respect to the wage claims. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties negotiated and settled Plaintiff's recovery consistently with this Court's prior ruling in *Bonetti v. Embarq Mgmt. Co.*, 2009 U.S. Dist. Lexis 68075 (M.D. Fla. Aug.4, 2009).

## III.    CONCLUSION.

The Plaintiff respectfully request that this Court approve the settlement between the Parties and, accordingly, dismiss the instant action with prejudice.

Respectfully submitted on April 12, 2021 by:

| DEREK SMITH LAW GROUP, PLLC | LEVINE KELLOGG LEHMAN |
|---|---|
| *Counsel for Plaintiff* | SCHNEIDER + GROSSMAN LLP |
| 701 Brickell Avenue | *Counsel for Defendants* |
| Suite 1310 | 201 S. Biscayne Boulevard |
| Miami, Florida 33131 | 22nd Floor – Citigroup Center |
| Telephone: (305) 946-1884 | Miami, Florida  33131 |
| Facsimile: (305) 503-6751 | Telephone: (305) 403-8788 |
|  | Facsimile: (305) 403-8789 |
| By: */s/ Meir Weiss* |  |
| MEIR D. WEISS, ESQ. | By: */s/ Evan L. Kuhl* |
| Florida Bar No. 1022288 | JASON KELLOGG, P.A. |
| meir@dereksmithlaw.com | Florida Bar No. 0578401 |
|  | Primary: jk@lklsg.com |
|  | Secondary: ah@lklsg.com |
|  | JEZABEL LIMA, ESQ. |
|  | Florida Bar No. 519431 |
|  | Primary: jl@lklsg.com |
|  | Secondary: acd@lklsg.com |
|  | EVAN L. KUHL, ESQ. |
|  | Florida Bar No. 1025143 |
|  | Primary: elk@lklsg.com |
|  | Secondary: ar@lklsg.com |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 12, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Evan L. Kuhl*
Evan L. Kuhl